UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Oneta Bobbett,
    Plaintiff

    v.                                          Case No. 17-cv-265-SM
                                              Opinion No. 2018 DNH 127
City of Portsmouth, et al.,
    Defendants

**O R D E R**

Defendants, City of Portsmouth and Portsmouth police officers Kristyn Bernier and Michael Leclair, filed a motion for summary judgment on April 6, 2018.  In response, plaintiff, Oneta Bobbett, filed a motion for relief under Fed. R. Civ. P. 56(d).  Defendant Bernier objects.  Plaintiff's motion is granted.

**Background**

Plaintiff's claims arise out of a criminal investigation and her subsequent prosecution.  As described in her complaint, plaintiff reported a charge on her credit card statement as fraudulent to the Portsmouth Police Department, in December of 2013.  At the time, plaintiff was in the midst of a contentious divorce proceeding with her husband Jonathan Bobbett, a prominent local businessman with personal ties to the Portsmouth Police Department.

Following plaintiff's report, Portsmouth Police Department Detective Kristyn Bernier began investigating whether plaintiff had falsely reported the charge as fraudulent. In connection with that investigation, Detective Bernier obtained a search warrant to seize and search plaintiff's cell phone. The warrant limited any search to communications relating to the subject matter of the investigation during the relevant time period. Later, Detective Bernier sought and received an arrest warrant for plaintiff. In September of 2014, a Rockingham grand jury returned an indictment against plaintiff, charging her with tampering with witnesses and informants. The Rockingham County Attorney also filed informations charging plaintiff with providing a false report to law enforcement, and making unsworn falsifications. Those state criminal charges were eventually nol prossed on August 27, 2015, and records of the charges were annulled on March 7, 2016.

In her civil complaint, plaintiff alleges that the police gave Jonathan Bobbett information that was obtained through an unlawful search of her phone. She further alleges that Detective Bernier and the police department never actually suspected her of criminal wrongdoing, but instead began the criminal investigation as a mere pretext to gather information to assist her ex-husband in the divorce proceedings.

## **Discussion**

In support of her Rule 56(b) motion, plaintiff argues that defendants' summary judgment filing effected the sort of "surprise" upon her that mandatory disclosures and the discovery process seek to prevent. She contends that the City of Portsmouth has yet to respond to her outstanding discovery requests, including two requests for production of documents and two sets of interrogatories, all of which were propounded in February and March of 2018. Bobbett's outstanding discovery requests relate to a variety of topics, including any relationship between her ex-husband and the Portsmouth Police Department; the Department's handling and treatment of her phone following execution of the search warrant; and the names of individuals who participated in communications concerning the decision to prosecute her criminally, and the search of her phone.

Rather than responding to those outstanding discovery requests, plaintiff contends, defendants filed a motion for summary judgment, and submitted in support an affidavit from Jonathan Bobbett which attributes discoverable information to people whom defendants had not disclosed, and whom the plaintiff was unaware might have discoverable information. Plaintiff further argues that the affidavits submitted by Detective Bernier and defendant Portsmouth Police Detective Michael

Leclair raise additional questions of fact that discovery is necessary to resolve, including, inter alia, which members of Portsmouth Police Department accessed plaintiff's phone or participated in communications regarding plaintiff's phone (as well as the substance of those communications), actions taken by the Portsmouth Police Department with respect to the phone while it was in police custody, and the contents of the phone reviewed in connection with the search warrant. Further complicating discovery matters, says plaintiff, is an April 29, 2016, settlement demand letter plaintiff's counsel recently located on the internet that outlines claims Bernier threatened to bring against the City of Portsmouth, some of which relate to the police department's criminal investigation of the plaintiff.

Bernier is the only defendant who objected to plaintiff's Rule 56(d) motion. She argues that plaintiff's discovery requests to her were not propounded until after defendants filed their motion for summary judgment, and that her responses to plaintiff's requests will not be inconsistent with the information she has already provided in her affidavit attached to the summary judgment motion.

Our court of appeals has instructed that district courts should "refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d

4

35, 39 (1st Cir. 2009) (citations omitted).  Therefore, "Rule 56(d) serves a valuable purpose."  Maz Partners LP v. PHC, Inc. (In re PHC, Inc. Shareholder Litig.), 762 F.3d 138, 143 (1st Cir. 2014) (internal quotations omitted).  "In order to gain the benefit of Rule 56(d), the party opposing summary judgment must make a sufficient proffer: 'the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment.'"  Id. (quoting Resolution Trust Corp. v. North Bridge Assoc., 22 F.3d 1198, 1203 (1st Cir. 1994)).  With respect to the third requirement, the litigant's statement should: (i) "explain[] his or her current inability to adduce the facts essential to filing an opposition; (ii) provide[] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time; and (iii) indicate[] how those facts would influence the outcome of the pending summary judgment motion."  Velez, 375 F.3d at 40 (citations omitted).

Plaintiff easily satisfies the first two requirements of authoritativeness, and timeliness.  "Plaintiff[] promptly invoked Rule 56 shortly after defendants moved for summary judgment, and . . . did so by filing an authoritative affidavit."  In re PHC Shareholder Litig., 762 F.3d at 144.

5

Plaintiff satisfies the third requirement as well.  As the affidavit submitted by plaintiff's counsel explains, defendants have yet to respond to plaintiff's multiple outstanding discovery requests.  See King Declaration (Document No. 32-9) at ¶¶ 2-4.  And, plaintiff has identified "material evidence that [she] is likely to uncover if . . . given additional time to conduct discovery." Animal Hosp. of Nashua, Inc. v. Antech Diagnostics, No. 11-CV-448-SM, 2012 WL 3956705, at *1 (D.N.H. Sept. 10, 2012) (internal quotation and citation omitted). Plaintiff seeks information from defendants that generally relates, inter alia, to the relationship between her ex-husband and the Portsmouth Police Department; the police department's decision to initiate a criminal investigation into her conduct; and the police department's treatment of her phone while it was in police custody.  "Such evidence meets Rule 56(d)'s 'necessarily low' 'threshold of materiality.'"  Animal Hosp. of Nashua, 2012 WL 3956705, at *1 (quoting Resolution Trust, 22 F.3d at 1207).

Moreover, as plaintiff's counsel states, "the discovery requests . . . propounded seek factual information within the possession of the City of Portsmouth, not otherwise available to the plaintiff."  King Declaration (Document No. 32-9) at ¶ 7. "In a matter like this, when 'plaintiff['s] case turns so largely on [her] ability to secure evidence within the

possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary and available evidence from the other party." In re PHC Shareholder Litig., 762 F.3d at 145.

Finally, plaintiff has adequately demonstrated her diligence in pursuing discovery. The majority of her discovery requests to the defendants were outstanding when the defendants filed their motions for summary judgment. And, while at the time defendants' motion was filed, summary judgment motions were due to be filed by June 2, 2018, and the deadline for completion of discovery was August 3, 2018, the parties subsequently filed a joint motion to extend those deadlines. On May 22, 2018, the court granted that motion, extending the summary judgment filing date to December 4, 2018, and the discovery completion deadline to February 4, 2019. That extended schedule supports "providing time under Rule 56(d) to pursue discovery before addressing summary judgment." Drew v. New Hampshire Drug Task Force, No. 14-CV-462-JD, 2015 WL 4526968, at *2 (D.N.H. July 27, 2015)

## Conclusion

For the foregoing reasons, the plaintiff's Rule 56(d) motion (document no. 32) is granted. The defendants' motion for summary judgment (document no. 31) is denied without prejudice to refiling prior to the summary judgment filing date.

7

Plaintiff ought to be prepared by that point to fully respond based upon a developed factual record.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 21, 2018

cc: Benjamin T. King, Esq.
Charles P. Bauer, Esq.
Daniel J. Mullen, Esq.